UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 FEB -3 P 2: 41

VIDA DEAS,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendant.

PRISONER
Case No. 3:11-cv-2007(AVC)

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Low Security Correctional Institution Allenwood, in White Deer, Pennsylvania, has filed a complaint pro se seeking declaratory and injunctive relief.

Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal,

556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. However, "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff was prosecuted in federal court. See USA v. Deas, 3:07cr73 (CFD). In his various causes of action, the plaintiff challenges his criminal indictment, the grand jury that indicted him, his presentment before a federal magistrate judge, the actions of federal officers leading to his arrest, and his sentence.

Any challenge to the plaintiff's federal conviction or the length of his sentence must be made on direct appeal or in a motion filed pursuant to 28 U.S.C. § 2255. See Nelson v. Campbell, 541 U.S. 637, 643 (2004)("[Section] 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.") (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Thus, all claims challenging the plaintiff's federal conviction, including but not limited to the challenges to the jurisdiction of the court, the indictment, the

grand jury, the prosecution and sentencing, are dismissed.

Also, the only defendant is the United States of America. The United States is protected from suit by sovereign immunity and can only be sued with consent. See United States v. Shaw, 309 U.S. 495, 500-01 (1940). The plaintiff has identified no statute waiving sovereign immunity in this case. Thus, all claims against the United States are dismissed.

The plaintiff also alleges that Special Agent Robert Bornstein violated various federal criminal statutes. First, Special Agent Bornstein is not a defendant in this case. Second, even if he were, the plaintiff has no right to have Special Agent Bornstein prosecuted or investigated. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 768-69 (2005) (recognizing that the victim of a crime has no procedural or substantive due process interest in investigation or prosecution of perpetrator); S. v. D., 410 U.S. 614, 619 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Accordingly, these claims are dismissed.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1)  The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.  The plaintiff may raise these issues on direct appeal of his conviction or in a motion filed pursuant to 28 U.S.C. § 2255.

(2)  The Clerk is directed to close this case.

Dated this 3rd day of February 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
Alfred V. Covello
United States District Judge