*DEAS motion*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**   FILED

VIDA DEAS,                    :        2012 APR -5  P 3: 51
  plaintiff,               :
                         :          PRISONER COURT
     v.                       :        Case No. 3:11-cv-2007(AVC)
                         :
UNITED STATES OF AMERICA,     :
  defendant.               :

### RULING ON MOTION TO AMEND JUDGMENT

The plaintiff is incarcerated at the low security Correctional Institution Allenwood, in White Deer, Pennsylvania. He filed a complaint pro se seeking declaratory and injunctive relief.  On February 3, 2012, the court dismissed the complaint, directing the plaintiff to address his issues on direct appeal of his criminal conviction or by motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255.  The plaintiff now asks the court to amend the judgment or, in the alternative, to award him relief from judgment.  For the reasons that follow, the plaintiff's motion is denied.

Federal Rule of Civil Procedure 59 allows the court to alter or amend a judgment.  Section 59(e) requires that the motion be filed within twenty-eight days from the entry of judgment.  As the motion was timely filed, the court considers the motion under Rule 59(e), rather than under Rule 60(b).

Under Rule 59(e), a party may ask the court to reconsider a judgment.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving

party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." Shrader

v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "It is

well-settled that Rule 59 is not a vehicle for relitigating old

issues, presenting the case under new theories, securing a

rehearing on the merits, or otherwise taking a 'second bite at

the apple . . . .'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144

(2d Cir. 1998) (citing United States v. Local 1804-1, 831 F.

Supp. 167, 169 (S.D.N.Y. 1993)).

   The plaintiff challenges the court's decision on four

grounds.  First, the plaintiff states that the court improperly

construed the complaint as filed pursuant to 42 U.S.C. § 1983 or

Bivens v. Six Unknown Named Agents of the Federal Buraeau of

Narcotics, 403 U.S. 388 (1971).  This statement is incorrect.

Nowhere in the initial review order does the court state that the

action was filed pursuant to section 1983 or Bivens.  In

addition, section 1983, which applies to state actors, is

inapplicable in this case because the plaintiff has not named any

state official as a defendant.  See 42 U.S.C. § 1983 (allowing a

cause of action if person acting under color of state law

violated plaintiff's constitutionally or federally protected

rights).  Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics, 403 U.S. 388 (1971), which applies to federal

2

officials, is also inapplicable as the only named defendant is the United States.[1]

Second, the plaintiff states that the court overlooked his request for declaratory relief pursuant to 28 U.S.C. § 2201(a). The purpose of declaratory relief is "to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships."  Beacon Constr. Co., Inc. v. Matco Elec. Co., Inc., 521 F.2d 392, 397 (2d Cir. 1975)(internal quotation marks and citation omitted).  The district court has discretion to determine whether to entertain an action seeking a declaratory judgment, even where the action otherwise satisfies the prerequisites for subject matter jurisdiction.  See Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).

In his fourteenth cause of action, the plaintiff appears to ask the court to determine that his conviction is invalid.  A determination of the validity of a conviction is properly brought through a direct appeal of the conviction.  As the validity of the plaintiff's challenges to his conviction would be litigated in a direct appeal, it is not necessary for the court to entertain the same claims in a separate civil action.  See AFT Rail Group, LLC v. Siemens Transp. Systems, Inc., No. 08-CV-6442,

---

[1] Under Bivens, a person injured by a federal agent's violation of a constitutional right may bring an action for damages against the agent.  403 U.S. at 389.

2009 WL 5216960, at *6 (W.D.N.Y. Dec. 30, 2009) (noting purposes
of Declaratory Judgment Act and finding that court need not
entertain action for declaratory relief where issues necessarily
will be addressed in another action).  In addition, the validity
of the plaintiff's conviction and sentence does not involve the
adjudication of legal rights or relationships, such as those
found in contract claims.  Thus, the plaintiff's claim is not
within the purview of the Declaratory Judgment Act.

Third, the plaintiff argues that sovereign immunity was
waived by 5 U.S.C. § 702 and the Administrative Procedures Act
("APA"), 5 U.S.C. § 701, et seq.  The plaintiff is correct that
the APA "confers a general cause of action upon persons
'adversely affected or aggrieved by agency action within the
meaning of a relevant federal statute.'"  Block v. Community
Nutrition Institute, 467 U.S. 340, 345 (1984) (quoting 5 U.S.C. §
702).  Judicial review under the APA is limited, however, "to
'agency action made reviewable by statute' and 'final agency
action for which there is no other adequate remedy in a court.'"
Serotte, Reich & Wilson, LLP v. Montante, No. 05-CV-284S, 2009 WL
3055294, at *5 (W.D.N.Y. Sept. 21, 2009) (quoting 5 U.S.C. §
704).

In his thirteenth cause of action, the plaintiff states his
APA claim.  He alleges that two assistant United States Attorneys
were personally responsible for the alleged errors in his

indictment, conviction and sentence.  The plaintiff has
identified no statute affording review of their actions.
Further, the relief the plaintiff seeks is directed to his
conviction and sentence, not the specific actions of either AUSA.
Although their actions may have contributed to the result, the
judiciary was responsible for the conviction and sentence and the
correctness of the conviction and sentence may be addressed on
direct appeal.  Thus, the plaintiff has not identified any final
agency action unreviewable in any court proceeding to support an
APA claim.

Finally, the plaintiff argues that he can seek an order
directing the United States Attorney to bring criminal charges
against Special Agent Bornstein under 28 U.S.C. § 1361.  The
plaintiff is incorrect.  The district court's jurisdiction under
the mandamus statute is limited to actions "seeking to compel the
performance of a non discretionary duty."  Duamutef v. INS, 386
F.3d 172, 180 (2d Cir. 2004).  The plaintiff cannot obtain
mandamus relief to order the government to perform a
discretionary act, such as convening a grand jury to assert
criminal charges against any individual.  In addition, the court
correctly stated that the plaintiff has no constitutionally
cognizable interest in the prosecution of Special Agent
Bornstein.  See S. v. D., 410 U.S. 614, 619 (1973) (holding that
"a private citizen lacks a judicially cognizable interest in the
prosecution or nonprosecution of another").

5

The court concludes that there is no merit to the plaintiff's challenges to the court's order dismissing the complaint.  Accordingly, the plaintiff's motion [**Doc. #9**] is **DENIED**.

 **SO ORDERED** this ___4TH___ day of ~~March~~ April 2012, at Hartford, Connecticut.

 Alfred V. Covello
 United States District Judge